IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MOINA FONTANEZ, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.  2:22-cv-00232

DIVERSIFIED GAS & OIL CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant William Grant McCarty's ("McCarty") Motion to Dismiss Plaintiffs' Amended Complaint.[1] (ECF No. 24.) For the reasons discussed herein, the motion is **DENIED**.

**I.    BACKGROUND**

This matter arises out of a dispute concerning certain mineral rights belonging to J.V. Lucas. According to the Amended Complaint, J.V. Lucas died on December 3, 1960, and Plaintiffs are surviving heirs of J.V. Lucas. (ECF No. 21 at 4–5, ¶¶ 31, 34.) At the time of J.V. Lucas' death, he supposedly owned the mineral rights under the surface of the various properties in Logan County, West Virginia, which he left to his children "share and share alike," in his will. (*Id.* at 5, ¶¶ 36–37.) Thus, Plaintiffs claim that "any and all royalties owed for the extraction of

---

[1] Defendants McCarty, Diversified Gas & Oil Corporation, and Nytis Exploration Co., LLC previously filed a motion to dismiss the original complaint, (ECF Nos. 16, 19), before the Amended Complaint was filed, (ECF No. 21). The defendants never stipulated that the motion and supporting briefs could be applied to the Amended Complaint. Thus, to the extent necessary, the motion to dismiss the original complaint, (ECF No. 16), is **DENIED AS MOOT**.

oil or gas or other minerals located underneath the surface" of these properties "were legally required to be paid to the heirs of J.V. Lucas.  (*Id.* at 5–6, ¶ 40.)

However, Defendant McCarty, who the Amended Complaint identifies as "one of the great grandchildren of J.V. Lucas," (*id.* at 13, ¶ 118), allegedly "approached various oil and gas development companies operating or seeking to operate on J.V. Lucas land," (*id.* at 14, ¶ 124). Plaintiffs assert that Defendant McCarty claimed to speak for "Executrix Betty McCarty," who was his deceased mother, even though Betty McCarty was never the executrix of J.V. Lucas's estate.  (*See id.* at 13–14, ¶¶ 121–25.)  According to the Amended Complaint, both Defendant McCarty and the oil and gas companies he contacted "knew that William Grant McCarty, on his own, or in the capacity of agent for 'Betty McCarty, Executrix', did not possess any authority to grant permission to any oil and gas company to extract gas or oil from J.V. Lucas property."  (*Id.* at 14, ¶ 127.)  Yet, Plaintiffs claim that, with Defendant McCarty's consent, Defendants Nytis Exploration, LLC ("Nytis") and Diversified Gas & Oil Corporation ("Diversified") "wrongfully extracted gas . . . without the legal right to do so," and "failed to pay royalties" to the Plaintiffs. (*Id.* at 6, ¶¶ 46, 48.)  Instead, "the oil and gas companies agreed to pay royalties to 'Betty McCarty, Executrix' or directly to William Grant McCarty," even though they "knew the payments were unlawful in that [Plaintiffs] were not being paid."  (*Id.* at 15, ¶ 131.)

Plaintiffs filed this lawsuit on May 20, 2022.  (ECF No. 1.)  The Amended Complaint asserts three causes of action against Defendant McCarty for (1) conversion, (2) unjust enrichment, and (3) civil conspiracy.  (ECF No. 21 at 15, ¶¶ 132–134.)  Similar causes of action are seemingly asserted against Nytis and Diversified for unjust enrichment, bad faith trespass, and civil conspiracy.  (*See id.* at 9–13.)

2

Defendant McCarty filed the pending motion to dismiss on November 7, 2022. (ECF No. 24.) Plaintiffs filed a late response.[2] (ECF No. 26-1.) As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A plaintiff must allege sufficient facts, which, if proven, would entitle him to relief under a cognizable legal claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). A case should be dismissed if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Id.* Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across

---

[2] Plaintiffs filed the response late, along with a motion for leave to file the response late, (ECF No. 26), which Defendant McCarty opposed, (ECF No. 28). Because a response is not necessary to resolve the pending motion to dismiss, the Court **DENIES** Plaintiffs' motion to leave to file a response late. (ECF No. 26.)

3

the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

### III. DISCUSSION

In the pending motion, Defendant McCarty moves to dismiss all claims against him for failure to state a claim because "as a J.V. Lucas heir and owner in co-tenancy with Plaintiffs," he committed "no tortious acts for which a viable claim may be made." (ECF No. 25 at 7–11.) Of relevance, Defendant McCarty claims that the oil and gas companies already had a mineral lease on the property, and, even if there was no mineral lease, he, "as an established owner" of the mineral interest had the right to "do any and all acts necessary to discover and produce oil and gas," including "solicit the exploration and production of oil and gas." (*Id.* at 8.) In support, Defendant McCarty requests that the Court take judicial notice of the five exhibits attached to his motion: (1) West Virginia Geological and Economic Surveys of J.V. Lucas et al #1 well (API # 4704500237) and Lucas #2 well (API # 4704501864); (2) J.V. Lucas Lease, dated April 18, 1944; (3) an email from J. Newborg to P. Reale, dated October 3, 2022, with an attached correspondence from the West Virginia State Department stating that royalties were paid to "Ms. McCarty" by various companies; (4) Partition Deed between Bobbie Adams, Etta McArthur, and Betty McCarty, dated April 6, 1994; and (5) Deed conveying land from Betty McCarty to Defendant McCarty, dated January 15, 1998. (*See* ECF Nos. 25-1, 25-2, 25-3, 25-4, 25-5.)

However, "[r]ule 12(b)(6) does not mandate that a district court treat a motion to dismiss as a motion for summary judgment simply because the moving party includes exhibits with its motion." *Pueschel v. United States*, 369 F.3d 345, 354 n.3 (4th Cir. 2004). It "only requires that a motion to dismiss be treated as a motion for summary judgment when the motion to dismiss or exhibits present matters outside the nonmoving party's pleadings and the district court does not

4

exclude such matters." *Id.* Nevertheless, a court may consider extrinsic evidence at the 12(b)(6) stage if such evidence "was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). This Court has previously explained the test to determine whether extrinsic documents are "integral" to a complaint:

> [T]he referenced document [must] be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted. The cases illustrate this requirement. Thus, where a complaint in a fraud action references a document containing the alleged material misrepresentations, the referenced document may be considered part of the complaint. Similarly, a newspaper article reporting allegedly fraudulent statements by a corporate officer may be considered part of the complaint in a securities fraud action, and an allegedly libelous magazine article referred to in a complaint may be considered part of the complaint in a libel action based on that article.

*Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 819 (S.D. W. Va. 2014) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).

Here, none of the documents attached as exhibits were "integral to" or "explicitly relied on" in the Amended Complaint. Plaintiffs' "asserted legal rights" against Defendant McCarty arise from his alleged solicitation of oil and gas companies to extract gas without consent from Plaintiffs and retention of 100% of the royalty payments. These "legal rights" do not arise from Defendant McCarty's alleged right to receive royalties or the alleged gas production on the property. Although the exhibits may contain information regarding Plaintiff's claims, they are not, integral to the Complaint because they do not give rise to the legal rights asserted by Plaintiffs. Further, although conversion of a Rule 12(b)(6) motion to a motion for summary judgment lies within this Court's discretion, *see Camastro v. City of Wheeling*, 49 F. Supp. 2d 500, 502 (N.D.


W. Va. 1998) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)), the Court declines to consider these exhibits in its disposition of pending motion. Instead, the Court will proceed to examine this motion as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

From there, as is apparent from Defendant McCarty's various exhibits, the questions of whether he had the authority to, or actually did, solicit oil and gas companies to extract minerals without the consent of Plaintiffs and retain 100% of the royalty payments is a highly factual issue that cannot be resolved under the Rule 12(b)(6) standard. Thus, Defendant McCarty's motion to dismiss is **DENIED**.

### IV.  CONCLUSION

For these reasons, Defendant McCarty's motion to dismiss is **DENIED**.  (ECF No. 24.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 25, 2023

_____
THOMAS E. JOHNSTON, CHIEF JUDGE