## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

MOINA FONTANEZ, et al.,

        Plaintiffs,

v.                         CIVIL ACTION NO.   2:22-cv-00232

DIVERSIFIED GAS & OIL CORPORATION, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are a letter-form motion for leave to amend the complaint by the "JV Lucas Heirs" and signed by DeWanda King, Sheila Owens, John Shumar, James Lucas, Jr., Amelia Drawl, James Shumar, Margaret Peck, Shaun Witholt, and William Lucas (the "*Pro Se* Plaintiffs"), (ECF No. 89), and a motion for sanctions by Diversified Gas & Oil Corporation ("Diversified") and Nytis Exploration Company LLC ("Nytis"), (ECF No. 98).[1]   For the reasons discussed herein, the *Pro Se* Plaintiffs' motion for leave to amend the complaint is **DENIED**, and Diversified and Nytis's motion for sanctions is also **DENIED**.

### I.   BACKGROUND

This matter arises out of a dispute concerning certain mineral rights originally belonging to J.V. Lucas.   The following seventeen plaintiffs collectively filed this lawsuit on May 20, 2022, (ECF No. 1), identifying themselves as the heirs of J.V. Lucas: Amelia Drawl, Moina Fontanez, Gail House, DeWanda King, Paul Lucas, Robert Lucas, Thomas Lucas, William Lucas, Winford

---

[1] Although Diversified and Nytis style their motion as a "Motion to Dismiss and for Sanctions," it is not a motion to dismiss under Federal Rule of Civil Procedure 12(b).   Rather, the motion asks for the imposition of two specific sanctions under Rule 11: dismissal of all claims and an award of attorneys' fees.   (*See* ECF No. 98 at 1–2.)

Lucas, James Lucas, Jr., Sidney Lucas, Jr., Sheila Owens, Margaret Peck, Timothy Queen, James Shumar, John Shumar, and Shaun Witholt ("Plaintiffs"). That complaint was later amended on October 24, 2022, ultimately alleging various wrongdoing by Diversified, Nytis, and William McCarty ("McCarty", together with Diversified and Nytis, "Defendants") relating to certain oil and gas interests in Logan County, West Virginia. (*See, generally*, ECF No. 21.)

Approximately seven months later, Plaintiffs' counsel filed a motion for leave to withdraw from representation, (ECF No. 62), citing irreconcilable differences with the Plaintiffs. The Court granted the motion and ordered Plaintiffs to obtain new counsel by August 6, 2023. (ECF No. 63.)

At this point, things began to go awry. On July 17, 2023, the Court received an unsigned letter from William Lucas claiming the Plaintiffs would be proceeding *pro se*. (ECF No. 65.) Then, on August 7, 2023, Ryan Mick filed a statement of visiting attorney informing the Court that he represented Moina Fontanez, Sidney Lucas, Thomas Lucas, Timothy Queen, and Robert Lucas,[2] (ECF No. 67), and later indicated that he also represented Paul Lucas, Winfred Lucas, and Gail House (collectively, the "Represented Plaintiffs"). Consequently, the Plaintiffs now constituted two factions: the *Pro Se* Plaintiffs and the Represented Plaintiffs.

During a status conference held on September 5, 2023, the Court encouraged the *Pro Se* Plaintiffs to obtain counsel and gave them an additional 30 days to do so. (ECF No. 70.) The Court held a follow up status conference on October 16, 2023, at which point the Represented Plaintiffs indicated they would be filing a second amended complaint. (ECF No. 72.) As promised, the Represented Plaintiffs filed their motion for leave to file a second amended

---

[2] Sheila Owens was also included in this filing but has indicated in later filings that she is not represented by Mr. Mick. (*See* ECF No. 94.)

complaint on November 2, 2023.   (ECF No. 75).   No *Pro Se* Plaintiffs joined in the motion, nor did they file their own motions to amend.   After full briefing on the motion, the Court held another telephonic status conference addressing the pending motion and the schism between the two groups of Plaintiffs.   (ECF No. 86.)   Ultimately, the Court denied the motion for leave to file a second amended complaint and informed the parties that the case would not progress unless the Plaintiffs could collectively "reach an agreement on how to prosecute the matter."   (ECF No. 87.)

Thereafter, the *Pro Se* Plaintiffs sent a letter to the Court "asking to sue [several] parties" that were "involved in different matters regarding JV Lucas properties, surfaces, and minerals," (ECF Nos. 89 and 89-1), which the Court construed as a motion for leave to file an amended complaint.   Defendants promptly responded in opposition to the motion.[3]   (ECF Nos. 91, 93.)

While the *Pro Se* Plaintiffs never filed a reply to Defendants' responses, several members of the faction did send a litany of letters to the Court over the next month.   The first was a copy of a letter from James Shumar to Mr. Mick expressing an interest in retaining him on the condition that he amend the complaint to include claims for identity theft and fraud.   (ECF No. 92.)   Sheila Owens sent a similar letter to the Court a few days later, indicating that she was only interested in Mr. Mick's representation if he would amend the complaint to include "all the facts and all the

---

[3] In his response, McCarty joined in Diversified and Nytis's response and requested that sanctions be imposed on the *Pro Se* Plaintiffs.   However, "[a] motion for [Rule 11] sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).   This requirement has been interpreted to require motions for sanctions to be separate from responsive memoranda, as well.   *See Hellebuyck v. Gucci Am., Inc.*, No. 119CV1556LOTCB, 2020 WL 9549907, at *3 (E.D. Va. July 13, 2020) (denying motion for sanctions made in a responsive pleading); *Lang v. Virginia Beach Lifesaving Serv.*, No. 2:12CV574, 2013 WL 12098761, at *1–2 (E.D. Va. Apr. 23, 2013) (same); *see also Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003) (finding that moving for sanctions in a responsive memorandum violates Rule 11(c)(2)).   Here, McCarty's request for sanctions was not made in a separate motion.   Accordingly, McCarty's request for sanctions, (ECF No. 93), is **DENIED**.

wrong doing." (ECF No. 94 at 1.) Next, the Court received an unsigned letter from "The JV Lucas Heirs Plaintiffs" requesting additional discovery. (ECF No. 95.) James Shumar then sent another letter to the Court claiming that Mr. Mick would not respond to their inquiries for representation. (ECF No. 96.) Finally, on April 24, 2024, Amelia Drawl sent a letter to the Court, along with a copy of a letter she sent to Mr. Mick inquiring about representation, indicating that the *Pro Se* Plaintiffs had agreed to join the Represented Plaintiffs. (ECF No. 97.) However, nothing was filed with the Court showing that the *Pro Se* Plaintiffs and Mr. Mick reached any agreement on representation.

A week after the last of these letters, Diversified and Nytis moved for sanctions against the *Pro Se* Plaintiffs, including the dismissal of all claims and an award of attorneys' fees. (ECF No. 98.) The *Pro Se* Plaintiffs did not file a response.

Accordingly, the *Pro Se* Plaintiffs' letter-form motion for leave to file an amended complaint, (ECF No. 89), and Diversified and Nytis's motion for sanctions, (ECF No. 98), are ripe for adjudication.

## II.  DISCUSSION

### A.  Pro Se *Plaintiffs' Motion for Leave to Amend the Complaint*

Under to Rule 15(a) "leave to amend a pleading shall be freely given 'when justice so requires.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). The Fourth Circuit has "interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Johnson*, 785 F.2d at 509). A proposed amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of*

*Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson*, 785 F.2d at 510).   Similarly, "[a] proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Id.* (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)); *see also Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420–21 (4th Cir. 1990) (noting that courts may "disallow[] an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss").

Notably, this Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).   Yet, *pro se* litigants must still comply with the Federal Rules of Civil Procedure.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").   Further, *pro se* status is not a license for plaintiffs to recklessly "disregard the law, particularly where in the process [they] cause[] others to incur substantial expenses."  *In re Burse,* 120 B.R. 833, 837 (Bankr. E.D.Va. 1990) (citing to *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Here, the *Pro Se* Plaintiffs' letter-form motion to the Court seeks to add new party defendants, including several of the Represented Plaintiffs, from whom they seek restitution. (ECF No. 89-1 at 1.)   The motion makes broad allegations of wrongdoing by unspecified parties without providing factual support for any legal claims.   Even construing the pleading liberally, the motion falls well short of even the most "[t]hreadbare recitals of the elements of a cause of action" that would be themselves be insufficient to state a claim for relief.  *See Ashcroft v. Iqbal*,

556 U.S. 662, 678–79 (2009). Thus, the claims could not survive a motion to dismiss and are clearly insufficient on the face of the proposed amended complaint. *See Save Our Sound OBX, Inc.*, 914 F.3d at 228.

Accordingly, the *Pro Se* Plaintiffs' motion for leave to file an amended complaint, (ECF No. 89), is **DENIED**.

### B. *Diversified and Nytis's Motion for Rule 11 Sanctions*

Under Rule 11, it is within the court's discretion to impose sanctions when a party takes actions that lack a reasonable foundation in fact or in law. *See Van Arsdale v. Clemo*, 825 F.2d 794, 798 (4th Cir. 1987). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added). Parties violate Rule 11(b) if their legal contentions are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," or their factual contentions do not "have evidentiary support or . . . will [not] likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2) & (3).

The rule applies to represented and *pro se* parties alike. While a *pro se* pleading is "[held] to less stringent standards than formal pleadings drafted by trained lawyers," *pro se* plaintiffs are not excused from the requirements of Rule 11. *Haines v. Kerner,* 404 U.S. 519, 520 (1971); Fed. R. Civ. P. 11 Advisory Committee Notes (1993). Still, the decision to impose sanctions or award attorneys' fees under Rule 11 is within the sound discretion of the Court. *See Fahrenz v. Meadow Farm P'ship*, 850 F.2d 207, 210 (4th Cir. 1988); *see also* Fed. R. Civ. P. 11 Advisory Committee Notes (1993) ("[T]he court should not ordinarily have to explain its denial of a motion for

6

sanctions.").

In support of their motion, Diversified and Nytis offer several examples of conduct they believe to be worthy of sanctions. To start, they rightly note that the *Pro Se* Plaintiffs have submitted several letters to the Court, (ECF No. 98 at 2–3 (citing ECF Nos. 89, 90, 95)), that violate Rule 11(a)'s requirement that "[e]very pleading, written motion, and *other paper must be signed* by at least one attorney of record in the attorney's name—or *by a party personally if the party is unrepresented*," and included "the signor's address, e-mail address, and telephone number," Fed. R. Civ. P. 11(a) (emphasis added). Further, Diversified and Nytis argue that several of these filings make allegations "with zero factual or evidentiary support," in violation of Rule 11(b)(3). (ECF No. 98 at 2 (citing ECF Nos. 89, 90, 95).) Effectively, they contend that the *Pro Se* Plaintiffs' motion lacks any reasonable foundation in fact. *See Van Arsdale* 825 F.2d at 798.

While Diversified and Nytis are correct that the *Pro Se* Plaintiffs have violated the requirements of Rule 11, the Court finds sanctions inappropriate at this time. Although the *Pro Se* Plaintiffs' facially insufficient motion and associated letters may be a point of vexation for Diversified and Nytis, the Court does not find them worthy of sanctions *yet*. This is, in part, because *pro se* pleadings are "granted a degree of indulgence not extended to lawyers when determining whether to impose . . . sanctions." *Laremont–Lopez v. Se. Tide water Opportunity Ctr.,* 968 F.Supp. 1075, 1078 (E.D.Va. 1997), *aff'd*, 172 F.3d 44, 1999 WL 46845 (4th Cir. 1999). Yet, as stated above, this indulgence does not give *pro se* plaintiffs free reign to make frivolous filings that cause defendants to incur unreasonable expenses in the process of responding. *See In re Burse,* 120 B.R. at 837. As such, continued violations of Rule 11 may support the future

imposition of sanctions against the *Pro Se* Plaintiffs. Therefore, the Court once again reminds the *Pro Se* Plaintiffs of their obligations to abide by the Federal Rules of Civil Procedure and the Local Rules of Procedure. To assist them in complying, the Court strongly encourages *Pro Se* Plaintiffs to closely review this Court's *Pro Se* Handbook, which is available on the Court's web page.

Accordingly, Diversified and Nytis's request for sanctions is **DENIED**.

*III. CONCLUSION*

For these reasons, the *Pro Se* Plaintiffs' letter-form motion for leave to amend the complaint, (ECF No. 89), is **DENIED**, and Diversified and Nytis's motion for sanctions, (ECF No. 98) is also **DENIED**. Further, the Court will hold a telephonic status conference on **April 10, 2025, at 10:00 a.m.** to address the current status of the Plaintiffs' representation and their prosecution of this case. The call-in information for the call is as follows: 304-461-4955, then dial 276 024 510# to be placed on hold pending the start of the call.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     March 24, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE