IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MOINA FONTANEZ, et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO. 2:22-cv-00232

DIVERSIFIED GAS & OIL CORPORATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a letter-form motion filed by Plaintiff Shaun Witholt ("Mr. Witholt"). (ECF No. 130.) For the reasons discussed below, the motion, (ECF No. 130), is **DENIED**.

*I.    BACKGROUND*

A detailed recitation of the complete factual and procedural history of this case can be found in the Court's previous Memorandum Opinion and Order. (ECF No. 129.) Put simply, the seventeen plaintiffs could not agree on how to prosecute this matter. (*Id.* at 2–4.) After the case had not progressed past the motion to dismiss stage for three years, the Court ordered the plaintiffs to show cause as to why this matter should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 112.) Eleven responses were filed—three by Mr. Witholt—none of which did more than memorialize the plaintiffs' refusal to prosecute this matter on a united front. (*See* ECF No. 129 at 5.) So, the Court dismissed the case without prejudice. (*See generally id.*)

1

Thirteen days later, Mr. Witholt filed the pending motion. (ECF No. 130.) No response was filed. As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1995)); *see also* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Nevertheless, the Court is not required "to act as an advocate for a *pro se* litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), or "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). After all, "district judges are not mind readers." *Id.*

## III. DISCUSSION

In his motion, Mr. Witholt reiterates much of the substance of his three responses to the Court's show cause order. (*See* ECF No. 130.) He also insists that he has neither abandoned his claims nor "willfully failed to prosecute" this matter. (*Id.* at 1.) In fact, he asserts that dismissing his claims for failure to prosecute would be "unjust." (*Id.*) With that in mind, he asks the Court to (1) not dismiss his claims for failure to prosecute, and (2) grant him leave to "file an amended complaint in [his] own name." (*Id.* at 2.)

Mr. Witholt's second request for leave to file an amended complaint would clearly fall under Federal Rule of Civil Procedure 15(a). However, his first request is untimely because the Court already dismissed his claims before he filed the pending motion. (*See* ECF No. 129.) Liberally construed, though, Mr. Witholt's first request can be viewed as a motion to alter or amend

2

the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

To that extent, the Fourth Circuit has been clear as to the interplay between Rules 15(a) and 59(e) and/or 60(b) when a plaintiff relies on both in seeking leave to amend a complaint post-judgment.  While the Fourth Circuit instructs district courts not to grant a post-judgment motion for leave to amend under Rule 15(a) without first vacating the prior judgment under either Rule 59(e) or 60(b), *see Calvary Christian Ctr. v. City of Fredericksburg*, 710 F.3d 536, 539 (4th Cir. 2013), it also directs courts to ignore the standard associated with the post-judgment motion and focus on the standard for Rule 15(a), *see Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir.2006); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009).  "The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).  "In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'"[1]  *Id.* (quoting *Laber*, 438 F.3d at 427).  Thus, it would be improper for this Court to focus on Mr. Witholt's Rule 59(e) and/or 60(b) motion without considering whether his proposed amended complaint, at this stage of the proceedings, would be prejudicial or futile or was made in bad faith.  *See, e.g.*, *Hart v. Hanover Cty. School Bd.*, 495 F. App'x 314, 316 (4th Cir. 2012) (citing *Murrow Furn. Galleries, Inc. v. Thomasville Furn. Indus., Inc.*, 889 F.2d 524, 526 n.3, 529–30 (4th Cir. 1989)).

---

[1] This Court has previously noted that "[t]he Fourth Circuit's position on this procedural quandary—applying the more liberal Rule 15(a) standard despite the fact that the motion is filed after the complaint's dismissal—is contrary to the majority of other circuits." *Kerr v. Marshall Univ. Bd. of Governors*, No. 2:14-CV-12333, 2018 WL 934614, at *3, n.2 (S.D. W. Va. Feb. 16, 2018) (Johnston, J.) (collecting cases), *aff'd*, 735 F. App'x 827 (4th Cir. 2018).

Pursuant to Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (alteration in original) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal citation omitted)). "Leave to amend should be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Bailey v. Bradford*, 12 F. Supp. 3d 826, 831 (S.D. W. Va. 2014) (quoting *Friend v. Remac Am., Inc.*, 924 F.Supp.2d 692, 696 (N.D. W. Va. 2013)). "[A]mending the complaint would be futile" if "'the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)).

In this case, the plaintiffs could not agree on an operative complaint. After the plaintiffs broke into two factions, the Represented Plaintiffs filed a motion for leave to file an amended complaint, in which the *Pro Se* Plaintiffs did not join. (*See* ECF No. 129 at 2.) That was problematic "because nothing in the Federal Rules of Civil Procedure permits a case to proceed under two, distinct complaints." (*Id.*) Thus, that motion was denied. (*See id.*) The *Pro Se* Plaintiffs also filed a motion for leave to file an amended complaint, which attempted to add several of the Represented Plaintiffs as new party defendants. (*See id.* at 3.) That was problematic for the same reason, among others. And so the saga continued until the matter was ultimately dismissed for failure to prosecute. (*See generally id.*)

4

Similar to the previous attempts, Mr. Witholt's desired amended complaint would be futile because it would fail to comply with the Federal Rules of Civil Procedure. This matter was initiated with seventeen plaintiffs. The Federal Rules of Civil Procedure *still* do not permit a case to proceed under two, distinct complaints, and Mr. Witholt cannot unilaterally dismiss the other sixteen plaintiffs, without their consent, via an amended complaint "in [his] own name" only.

Thus, because Mr. Witholt's amended complaint would be futile, his motion, (ECF No. 130), is **DENIED**. *See Katyle*, 637 F.3d at 470–71.

## IV.   CONCLUSION

For these reasons, Mr. Witholt's motion, (ECF No. 130), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   December 2, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE